UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PALMETTO EKG & ECHO READERS,
PROFESSIONAL ASSOCIATION, a
Florida Corporation (o/b/o Member #
U0536350801),

    Plaintiff,

vs.

CIGNA HEALTHCARE OF FLORIDA,
INC., a Florida corporation,

    Defendant
_____ /

CASE NO.:_____

County Court Case No.:
2022-025496 SP 23

## DEFENDANT CIGNA HEALTHCARE OF FLORIDA, INC.'S NOTICE OF REMOVAL

Defendant, Cigna Healthcare of Florida, Inc. a Florida Corporation ("Cigna"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal and alleges as follows:

### I. INTRODUCTION

1.    Plaintiff commenced this action in the county Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022025496SP23 ("State Court Action").

2.    Cigna was served with the Complaint on September 14, 2022. In accordance with U.S.C. § 1446(a), copies of the process, pleadings, and all other

papers served on Cigna in the State Court Action are attached hereto as Composite Exhibit "A."

3. Cigna removes this case pursuant to 28 U.S.C. § 1441(a) as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331. The state law claims in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## II. NATURE OF THE CASE

4. Plaintiff Palmetto EKG & Echo Readers, Professional Association, ("Palmetto") is a healthcare provider and Florida for-profit corporation doing business in Miami-Dade County with its principal place of business in Miami-Dade County, Florida. Complaint at ¶¶ 2, 3.

5. According to the allegations, Member received medical services by Plaintiff and was a covered member of Cigna's Florida-licensed health maintenance organization ("HMO"). Complaint at ¶¶ 10, 19, 20.

6. Palmetto is an "out-of-network" provider that, at all times material, had no direct agreement with Cigna to be reimbursed for its services provided to Cigna's subscribing members at discounted rates. Complaint at ¶ 18.

7. According to the allegations, the medical services provided by Palmetto to Member are covered services under the Policy. Complaint at ¶ 23.

8. Palmetto's claims against Cigna are "solely for breach of the Provider Agreements" and Palmetto expressly disclaims any claims for violations of ERISA. Complaint at ¶¶ 37, 52. Palmetto claims that Cigna is "in breach of its Policy with Member to which Plaintiff is a third-party beneficiary." Complaint at ¶ 73.

### III. NATURE OF THE UNDERLYING HMO FURNISHING BENEFITS

9. The Complaint identifies one individual patient whose medical claim and health benefit plan are at issue. Complaint at ¶ 10. At the time of the date of service framed by the Complaint, that patient was enrolled in an "employee welfare benefit plan" within the meaning of the ERISA. *See* Declaration of *See* Declaration of Rhonda Anderson ("Anderson Declaration") at ¶¶ 5,6, attached hereto as Composite Exhibit "B," together with the attached pertinent ERISA plan document, the "Summary Plan Description".

10. An "employee welfare benefit plan" is statutorily defined in 29 U.S.C. § 1002(1) as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services…

11. The very terms of the health plan at issue demonstrates that an ERISA plan exists here. A review of the Summary Plan Description attached to the ("Anderson Declaration") demonstrates that: (i) the plan was established by the employer Dobbs Equipment, LLC; (ii) the intended benefits are the medical expense benefits that are payable in accordance with the plan's terms; (iii) the class of beneficiaries are the eligible employees (and dependents) of the employer who established the plan; and (iv) the procedures for submitting claims and receiving benefits are those which are spelled out in the plans. *Fleming v. Metropolitan Life Ins. Co.*, No. 8:06-cv-88-T-23TBM, 2006 U.S. Dist. LEXIS 15156 (M.D. Fla. March 16, 2006) (terms of group disability policy "persuasively demonstrate" that ERISA applies); *see also* ("Anderson Declaration").

## IV. FEDERAL QUESTION JURISDICTION - COMPLETE PREEMPTION

12. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's state law causes of action are completely preempted by ERISA with respect to the ERISA governed benefit plan at issue.

13. Normally, removal may not be accomplished unless the face of the Complaint reveals a federal question. This general rule is known as the "well-pleaded complaint" rule. However, the United States Supreme Court recognized the doctrine of "complete preemption" as a corollary or an exception to the well-pleaded

1054763\311791565.v1

complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). State court actions that come within the scope of § 502(a) of ERISA, 29 U.S.C. § 1132(a), such as a claim for improper denial of benefits under state law, are "displaced" by ERISA's civil enforcement mechanism and are therefore "removable to federal court" as actions that arise under the laws of the United States. *Metropolitan Life*, 481 U.S. 58 at 60; *see also Ehlen Floor Covering v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."). When a "federal statute [such as ERISA] completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

14. In this case, Palmetto's state law claims are "in reality based on federal law." *Davila* 542 U.S. at 208. Despite Palmetto's efforts to disavow the application of ERISA, the claims are completely preempted because they "duplicate, supplement, or supplant" the ERISA civil enforcement remedy that Congress intended to be exclusive. *Id.* at 209. In other words, Palmetto's claims challenge the right to a benefit allegedly covered by an employee welfare benefit plan. Therefore, removal of this action that squarely implicates ERISA-plan benefits is

5

consistent with ERISA's purpose "to provide a uniform regulatory regime over employee benefit plans." *Id.* at 208.

15. The source of Palmetto's claims is whether health plan benefits beyond what was already paid are owed for the services allegedly provided to the ERISA plan participant.

*/s/ Ruel W. Smith*
Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-436-8738
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document was sent via email to:

Patrick R. Sullivan, Esq.
Mark L. Rosen, Esq.
George E. Dahdal, Esq.
LUBELL ROSEN
200 South Andrews Avenue, Suite 900
Fort Lauderdale, Florida 33301
E-Mail: prs@lubellrosen.com;
mlr@lubellrosen.com;
ged@lubellrosen.com
*Attorneys for Plaintiff*

/s/ Ruel W. Smith
Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-436-8738
*Attorneys for Defendant*