# EXHIBIT "A"



## MIAMI-DADE COUNTY CLERK OF THE COURTS
### HARVEY RUVIN

Contact Us    My Account    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**PALMETTO E K G & ECHO READERS (PA) VS CIGNA HEALTHCARE OF FLA INC**

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-025496-SP-23 | Filing Date: | 07/06/2022 |
| State Case Number: | 132022SC025496000023 | Judicial Section: | ND01 |
| Consolidated Case No.: | N/A | Case Type: | SP Contract and Indebtedness (Up to $5,000) |
| Case Status: | OPEN | | |

👥 **Parties**                    Total Of Parties: 3  ✚

🔨 **Hearing Details**                    Total Of Hearings: 1  ✚

📶 **Dockets**                    Total Of Dockets: 13  ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 09/21/2022 | | Service Returned | Event | |
| | 9 | 08/31/2022 | | Receipt: | Event | RECEIPT#:2040028 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:08/31/2022 REGISTER#:204 CASHIER:GVIVIA |
| | | 08/31/2022 | | 20 Day Summons Issued | Service | |
| | 8 | 08/31/2022 | | 20 Day Summons Issued | Event | Parties: Cigna Healthcare Of Fla Inc |
| 📄 | 7 | 08/31/2022 | | Uniform CM Order Setting PT Deadlines and Related Requirements | Event | |
| 📄 | 6 | 08/24/2022 | | Memorandum of Disposition | Event | |
| | | 08/24/2022 | | Small Claims Pre-Trial Conference | Hearing | |
| | 5 | 07/21/2022 | | Receipt: | Event | RECEIPT#:2080024 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:07/21/2022 REGISTER#:208 CASHIER:ROSE2 |
| | | 07/19/2022 | | 20 Day Summons Issued | Service | |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 4 | 07/19/2022 | | 20 Day Summons Issued | Event | Parties: Cigna Healthcare Of Fla Inc |
| 3 | 07/09/2022 | | Receipt: | Event | **RECEIPT#:3030302 AMT PAID:$80.00 NAME:MARK L ROSEN 200 S ANDREWS AVE STE 900 FORT LAUDERDALE FL 33301-2068 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $80.00 $80.00 TENDER TYPE:EFILINGS TENDER AMT:$80.00 RECEIPT DATE:07/09/2022 REGISTER#:303 CASHIER:EFILINGUSER** |
| 2 | 07/06/2022 | | Statement of Claim | Event | **$500.00** |
| 1 | 07/06/2022 | | Civil Cover Sheet - Claim Amount | Event | |

completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

PALMETTO EKG & ECHO READERS, P.A.
Plaintiff                                          Case # _____
                                                   Judge  _____

vs.
CIGNA HEALTHCARE OF FLORIDA, INC.,
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☒ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Mark Lawrence Rosen          Fla. Bar # 45675
        Attorney or party                    (Bar # if attorney)

Mark Lawrence Rosen                  07/06/2022
  (type or print name)                    Date

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

PALMETTO EKG & ECHO READERS,
PROFESSIONAL ASSOCIATION, a
Florida Corporation (o/b/o Member #
U0536350801),

        Plaintiff,

v.

CIGNA HEALTHCARE OF FLORIDA,
INC., a Florida corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, PALMETTO EKG & ECHO READERS, PROFESSIONAL ASSOCIATION

o/b/o Member # U0536350801 ("Palmetto EKG" or "Plaintiff"), sues Defendant, CIGNA

HEALTHCARE OF FLORIDA, INC., Florida not for profit corporation ("Cigna" or

"Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

### A. Jurisdiction, Venue and Parties

1.      This is an action for damages to recover underpaid healthcare claims pursuant to

Florida Statute § 641.3155/Section 641.3156 and for other relief requested herein between $100.00

and $500.00, exclusive of court costs, pre-judgment interest, and attorney fees.

2.      Plaintiff is a Florida for-profit corporation doing business in Miami-Dade County

with its principal place of business in Miami-Dade County, Florida.

3.      At all times material hereto, Plaintiff was and is a healthcare provider duly licensed

and authorized by the State of Florida to provide healthcare and treatment therein.

16015-C005

4.     Defendant Cigna is a Florida for-profit corporation with its headquarters at 2701 North Rocky Point Drive, Tampa, Florida 33607 and is licensed as a health maintenance organization ("HMO") pursuant to Chapter 641 of the Florida Statutes. Cigna provides managed care products and administrative services throughout Florida, including Miami-Dade County, Florida, and has an office for the transaction of its customary business in Miami-Dade County, Florida.

5.     Defendant Cigna contracts to insure persons or risks located within the State of Florida, including Miami-Dade County, at the time of contracting, and therefore this Court has subject matter jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)(4).

6.     All services were performed in Miami-Dade County and billed from Plaintiff's principal of place of business.

7.     Palmetto General Hospital (not a party to this suit) is an acute care facility located in Miami-Dade County, is a contracted facility with Cigna and is where the medical services described in this Complaint were provided.

8.     Plaintiff Palmetto EKG is required to interpret medically necessary electrocardiograms ("EKGs") and echocardiograms ("ECHOs") to patients who present to Palmetto General Hospital.

9.     Plaintiff is obligated by Florida law to provide medical services to any individual presenting to the emergency department, regardless of the individual's insurance coverage or ability to pay.

10.     Member # U0536350801 ("Member" or "Subscriber") is a fictitious name for the patient who is covered under Defendant's Policy of Insurance and who received the medical

services described in this Complaint.  Upon information and belief, Member can be identified by Cigna as Member or Subscriber ID # U0536350801.

11.     Plaintiff provided emergency and/or nonemergency services and medical care to Defendant's Member at Palmetto General Hospital (not a party to this suit), an acute care facility licensed under Chapter 395, and has the requisite standing to bring this private first party action against the Defendant. *See Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1194 (Fla. 4th DCA 2006). Upon information and belief, said facility, at all times material, had a contract with Defendant Cigna.

12.     This action does not include any claims in which benefits which were denied nor does it challenge any coverage determinations under an ERISA plan.

13.     Venue is proper in Miami-Dade County, Florida, pursuant to Chapter 47, Florida Statutes, because all services were performed in Miami-Dade County and billed from Plaintiff's principal of place of business.

## B.  The Covered Services

14.     In exchange for premiums, Defendant pays for health care services rendered to members of its commercial health care products and platforms, including exchange products, self-insurance plans, health maintenance organizations, prefered provider organizaitons, exclusive provier organizations, limited health service organizations, indemnity plans, or any health care arrangement whereby risk is assumed.

15.     Defendant is a health insurer who operates a health maintenance organization ("HMO") as defined by Florida Statute § 641.19(12). HMOs are governed by Chapter 641 of the Florida Statutes.

16.     Defendant was paid a premium by or on behalf of Member in exchange for healthcare coverage according to the terms of the policy.

17.     Upon information and belief, at all times material Palmetto General Hospital had and has a contractual agreement with Cigna by which Palmetto General Hospital agreed to participate in Defendant's network of participating facilities to provide medical services to subscribing members covered by Defendant's health plans.

18.     At all times material, Plaintiff had no direct agreement with Cigna to be reimbursed for its services provided to Defendant's subscribing members at discounted rates.  Accordingly, Plaintiff was and is considered an out-of-network or nonparticipating provider with Cigna.

19.     Member is covered by Defendant's Florida-licensed HMO insurance policy (the "Policy" or "Agreement") which was in full force and effect at the time of the medical services provided herein.  Plaintiff is not in possession of Member's Policy; however, Defendant is, or should be, in possession of Member's Policy and such will be obtained via discovery.

20.     On 7/10/2018, Member had an emergent and/or non-emergent electrocardiogram ("EKG") and/or echocardiogram ("ECHO") tests performed at Palmetto General Hospital.

21.     Member did not have the ability or opportunity to choose a participating in-network provider at Palmetto General Hospital, who was available to perform the medical services performed by Plaintiff during Member's treatment at Palmetto General Hospital.

22.     All medical services provided by Plaintiff were reasonable and medically necessary in light of Member's presenting condition.

23.     The medical services provided by Plaintiff to Member are covered services under the Policy.

24.     Florida law mandates that out-of-network providers be paid for the services they render in both emergent and non-emergent circumstances under certain conditions. *See* Florida Statutes § 641.513(5) and § 641.3156(1).

### Florida Statute Section 641.513(5)

25.     If Member's treatment was emergent, payment of Plaintiff's claim is governed by § 641.513(5) which provides:

> **Reimbursement for services pursuant to this section by a provider who does not have contract with the health maintenance organization, shall be the lesser of:**
> **(a)     The provider's charges;**
> **(b)     The usual and customary provider charges for similar services in the community where the services were provided; or**
> **(c)     The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.** (Emphasis Added).

### Florida Statute Section 641.3156(1)

26.     If Member's treatment was non-emergent, payment of Plaintiff's claim is governed by § 641.3156 which provides:

> **(1) A health maintenance organization *must pay* any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the health maintenance organization to authorize or direct the patient's utilization of health care services and which was also authorized in accordance with the health maintenance organization's current and communicated procedures, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.** (Emphasis Added).

27.   Plaintiff timely and properly submitted its claim for medical services to Cigna in the usual course of business for reimbursement of the covered services, in the amount of **$554.00.** Rather than paying Plaintiff's charges, Defendant paid only **$102.80** for the medical services provided, an amount which is less than what is required by Florida law and the Policy.

28.   Plaintiff's billed charges for the covered medical services it provided to Defendant's Member were within, and are actually less than less than, the usual and customary charges for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

29.   Accordingly, Plaintiff is entitled to full reimbursement of its billed charges for the medical services provided to Member, as that rate is within the usual and customary charges for the community or geographic area.

30.   In the alternative, if Plaintiff's billed charges for the medical services provided to Member are determined to be in excess of the usual and customary charges for Miami-Dade County, the community or geographic area, Plaintiff is entitled to reimbursement for the usual and customary charges for the community or geographic area.

31.   Defendant has wrongfully refused to pay Plaintiff the entire amount of Plaintiff's billed charges on the submitted claims.

32.   Defendant, by paying an arbitrary amount, has wrongfully refused to pay Plaintiff the usual and customary charges on the submitted claims. Rather, the rate paid by Defendant was significantly less than usual and customary charges.

33.   As a result of the underpayment, Plaintiff has been damaged.

34.   Plaintiff is entitled to interest thereon at a rate 12% per annum on the amounts overdue on the underpaid claims pursuant to § 641.3155(6), Florida Statutes.

35.   Plaintiff has retained the undersigned law firm to represent its interests in this matter.  Plaintiff has agreed to pay, and counsel for Plaintiff has agreed to accept, any Court awarded fee for its reasonable attorney fees and costs.

36.     All available conditions precedent relative to this action have been performed or satisfied by Plaintiff or waived by Defendant.

### C.  Plaintiff's claims do not implicate Section 502(a) of ERISA

37.     To the extent that the Policy could be governed by an Employee Retirement Income Security Act of 1974 ("ERISA") plan, Plaintiff's claims against Cigna are solely for breach of the Provider Agreements and Plaintiff expressly disclaims any claims for violations of ERISA.

38.     Plaintiff's claims concern only *rate* of payment, rather than ***right*** of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans*, Inc., 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia Specialists*, *LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017).[1] [2]

39.     Plaintiff's claims in this action do not include any claims in which benefits which were denied nor does it challenge any coverage determinations under an ERISA plan.

40.     Plaintiff's claims do not implicate any Federal law and no claims made herein

---

[1]     *See* Final Order of Remand at 4–5, *Recovery Vill. at Umatilla, LLC v. United Behavioral Health, Inc.*, No. 15–62374, ECF No. 37 (S.D. Fla. Sept. 12, 2016)  (Finding "because Plaintiff's claims are rate of payment, rather than right of payment claims, and because they are based on contractual principles beyond the scope of ERISA, these claims are not completely preempted by ERISA"); *See also* Order Granting Pl.'s Mot. to Remand at 5, *Recovery Vill. at Umatilla, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 15–61414, ECF No. 52 (S.D. Fla. Aug. 28, 2015) ("If all the claims at issue were pre-authorized and paid by Defendants, as Plaintiff contends, such claims would not fall within the scope of ERISA, and [the plaintiff]'s state-law claims would not be completely preempted.... [T]he Court must resolve doubt regarding its subject-matter jurisdiction in favor of remand.").

[2]     *See also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999)  ("[T]he bare fact that the [ERISA] plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision.").

would give rise to Federal Jurisdiction.

## COUNT I- Violation Of Florida Statute Section 641.513(5)

41.     Plaintiff realleges the General Allegations (paragraphs 1-40) as if fully set forth herein.

42.     At all times material hereto, Plaintiff and Defendant did not have a network agreement between them governing the rates at which Defendant must reimburse Plaintiff for its services, thus Plaintiff is an out-of-network provider.

43.     On or about 7/10/2018, Member initiated care and received emergency and/or nonemergency medical services from Plaintiff and Plaintiff's physicians at Palmetto General Hospital.

44.     Plaintiff timely and directly submitted to Defendant claims for payment for medical services provided to Member in the amount of **$554.00** for medical services rendered by Plaintiff to Member during their hospitalization which began on 7/10/2018. Rather than paying Plaintiff's charges, or in the alternative if Plaintiff's charges are determined to exceed the usual and customary provider charges, the usual and customary charges Defendant would be required to pay, Defendant paid only **$102.80** for the medical services provided, a sum far below the usual and customary provider charges for the community or geographic area.

45.     Section 641.513 requires HMOs insurance companies, such as Defendant, to reimburse "nonparticipating" or "Out-of-network" providers for covered emergency and non-emergency services pursuant to Section 641.513, Florida Statutes.

46.     Section 641.513, Florida Statutes, requires HMOs to properly reimburse providers for rendering emergency and nonemergency services, such as the services rendered by Plaintiff.

47.     Emergency services rendered by out of network providers must be reimbursed according to the following schedule found in § 641.513(5)(a)-(c):

> **(5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the [HMO] shall be the lesser of:**
> **(a) The provider's charges;**
> **(b) The usual and customary provider charges for similar services in the community where the services were provided; or**
> **(c) The charge mutually agreed to by the [HMO] and the provider within 60 days of the submittal of the claim.** (Emphasis Added).

48.     If Member's treatment was non-emergent, payment of Plaintiff's claim is governed by § 641.3156 which provides:

> **(2) A health maintenance organization *must pay* any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the health maintenance organization to authorize or direct the patient's utilization of health care services and which was also authorized in accordance with the health maintenance organization's current and communicated procedures, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.** (Emphasis Added).

49.     Thus, Defendant is required to pay the Plaintiff the lesser of Plaintiff's billed charges and the usual and customary charges for similar services in the community where the services were provided for the emergency and/or nonemergency medical services Plaintiff rendered to Member.

50.     Florida Statute Section 641.513(5) is incorporated into Member's HMO policy.

51.     The provisions of Fla. Stat. § 641.513(5) may not be waived, voided, or nullified by contract.

52.     Cigna's failure to timely and properly pay the subject claims or the 12% interest is a breach of Member's HMO policy.

53.     As a direct and proximate result of Defendant's violation of Fla. Stat. § 641.513(5), Plaintiff has suffered damages in the form of outstanding balance for its charges for medical services plus 12 percent interest.

54.     Defendant has wrongfully refused to pay Plaintiff its billed charges or the usual and customary charges on the submitted claims in violation of Chapter 641, Florida Statutes.

55.     As a direct and proximate result of Defendant's violation of the statute, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical service provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cigna for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

<u>**Count II - Breach Of Third-Party Beneficiary Contract**</u>

56.     Plaintiff realleges the General Allegations (paragraphs 1-40) as if fully set forth herein.

57.     At all times relevant, Member, while a patient at Palmetto General Hospital, received emergency and/or nonemergency services from Plaintiff under the terms of the Policy.

58.     Plaintiff is a third-party beneficiary to the Policy since Defendant is mandated to pay Plaintiff directly for such services pursuant to Florida law.

59.     Plaintiff is also a third-party beneficiary to the Policy since (i) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; (ii) such contracts primarily and directly benefit medical providers such as Plaintiff pursuant to Florida statutes incorporated within the insurance contracts by the statutory incorporation doctrine; and (iii) because the insurance contracts either mandated or allowed for payment directly to Plaintiff for the services that were provided to Member.

60.     The Policy between Defendant and Member should be interpreted to provide that Defendant should pay Plaintiff its billed charges or, in the alternative, the usual and customary charges for the medical services rendered, if it is determined that the billed charges exceed the usual and customary charges for the medical services rendered.  Alternatively, the charges for services rendered by Plaintiff are either set by statute or administrative regulation, which is incorporated into the contract through the principle of statutory incorporation.

61.     Moreover, at all times material, Defendant has acted as though Plaintiff was and is a third-party beneficiary thereby waiving any anti-third-party beneficiary clause(s) in its Policy.

62.     Member is enrolled in Defendant's HMO and as such Member's policy is governed by Florida's HMO statute found in Chapter 641, Florida Statutes.

63.     Sections 641.513 and 641.3156 are statutorily incorporated into Defendant's and Member's policy.

64.     Section 641.3156(1) states that the state's HMOs "**must pay** any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the [HMO] to authorize or direct the patient's utilization of health care services and which was also authorized in accordance with the [HMO's] current and communicated procedures…" (emphasis added).

65.     If Member's treatment was not emergent, then Member was referred to Plaintiff by Palmetto General Hospital to undergo medically necessary treatment.

66.     Palmetto General Hospital and its staff physicians are permitted to authorize and direct Member's utilization of health care services as medical necessity dictates pursuant to the terms of their network agreement with Defendant.

67.     Defendant has wrongfully refused to pay Plaintiff the amount due for the submitted claims in violation of the statute.

68.      Florida Statute Section 641.513 establishes the proper reimbursement for emergency services rendered by non-participating providers, such as Plaintiff, who do not have a contract with an HMO. The statute states in pertinent part:

> **(5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:**
>> **(a)     The provider's charges;**
>> **(b)     The usual and customary provider charges for similar services in the community where the services were provided; or**
>> **(c)     The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.** (Emphasis Added.)

69.     In the alternative, if Member's treatment is considered nonemergent, payment of Plauintiff's claim is governed by Florida Statute Section 641.3156(1), which provides:

> **(3)     A health maintenance organization *must pay* any hospital-service or referral-service claim for treatment for an eligible subscriber which was authorized by a provider empowered by contract with the health maintenance organization to authorize or direct the patient's utilization of health care services and which was also authorized in accordance with the health maintenance organization's current and communicated procedures, unless the provider provided information to the health maintenance organization with the willful intention to misinform the health maintenance organization.** (Emphasis Added).

70.     Plaintiff timely and directly submitted to Defendant claims for payment for medical services provided to Member in the amount of **$554.00** for medical services rendered by Plaintiff to Member during their hospitalization which began on 7/10/2018. Rather than paying Plaintiff's charges, or in the alternative if Plaintiff's charges are determined to exceed the usual and customary provider charges, the usual and customary charges Defendant would be required to pay, Defendant paid only **$102.80** for the medical services provided, a sum far below the usual and customary provider charges for the community or geographic area.

71.     The parties did not mutually agree on a charge to be paid for this claim. Therefore, Defendant was obligated to pay either Plaintiff's charges or the usual and customary provider charges in the community where the services were provided.

72.     The Defendant already determined that the medical services provided by Plaintiff were covered, and distributed payment to Plaintiff pursuant to the Policy.  Plaintiff is simply seeking complete reimbursement for its provided services in the amount of the billed charges.

73.     As a result, Defendant is in breach of its Policy with Member to which Plaintiff is a third-party beneficiary.

74.     As a direct and proximate result of such breach of the Policy, to which Plaintiff is an intended third-party beneficiary, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for the medical service provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with interest and reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cigna for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the

alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

## COUNT III – Breach of Implied-in-Fact Contract

75.     Plaintiff realleges the General Allegations (paragraphs 1-40) as if fully set forth herein.

76.     At all times material, Plaintiff billed for emergent medical services provided to Defendant's Member at Palmetto General Hospital, located in Miami-Dade County, Florida.

77.     Plaintiff has properly and timely submitted claims for medical services provided to Member in the amount of **$554.00** to Defendant for the services rendered to Member.  Rather than paying Plaintiff's charges, Defendant paid only **$102.80** for the medical services provided, a sum far below the usual and customary provider rates for the community or geographic area.

78.     Despite demands, Defendant has refused and continues to refuse to pay the usual and customary charges, and instead paid well below the usual and customary charges.

79.     The emergency and/or nonemergency services provided by Plaintiff were medically necessary in the care and treatment of Member and were performed with the Defendant's knowledge.  The care rendered by Plaintiff at Palmetto General Hospital was either properly authorized or required no such authorization for the specific medical services rendered. Authorization issued by the Defendant encompasses medically necessary ancillary services ordered in the course of the treating physician's treatment plan.

80.    Thus, the Defendant retained the benefit that was conferred to its Member without issuing the proper payment for the benefit.

81.    Defendant was aware of its obligation to out-of-network providers such as the Plaintiff and was aware that Plaintiff provided professional emergency and/or nonemergency medicine serves to its member, with the reasonable expectation and understanding that their services would be reimbursed by the Defendant at rates that comply with Florida Statutes Section 641.513(5).

82.    Defendant knew that the Plaintiff had not agreed to accept discounted rates from Defendant on out-of-network claims, nor had they agreed to be bound by Defendant's reimbursement policies or rate schedules.

83.    The circumstances indicate that it would be inequitable for the Defendant to be permitted to collect premiums from their members and subscribers in return for agreeing to properly reimburse providers that render covered medical services without paying the value thereof to the provider. *See S. Broward Hosp. Dist. v. ELAP Services, LLC,* 20-CV-61007, 2020 WL 7074645, at *7 (S.D. Fla. Dec. 3, 2020); *See also Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, 465 F. Supp. 3d 1211 (M.D. Fla. 2020).

84.    All conditions precedent were met for the Defendant to perform its obligations pursuant to the implied contract.

85.    As a result, the circumstances are such that the Defendant should, in all fairness, be required to pay the proper amount for the services provided by Plaintiff to Member.

86.    Due to Defendant's failure to pay the usual and customary charges for these medical services, Defendant has been unjustly enriched, and Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary charges for

the medical services provided or, in the alternative, what is determined to be the usual and customary charges for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 641.28 and 641.3155(6), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cigna for the unpaid balance of its full billed charges, as same are within the usual and customary charges, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary charges for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary charges for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest and its reasonable attorney fees and costs pursuant to §§ 641.28 and 641.3155(6), Florida Statutes, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right to a jury.

Dated this 6th  day of July 2022.

Respectfully Submitted,

By:    */s/ Patrick Sullivan*
Patrick R. Sullivan, Esq.
Florida Bar No. 114135
Mark L. Rosen, Esq.
Fla. Bar No.: 45675
George E. Dahdal, Esq.
Fla. Bar No.: 1031644

LUBELL | ROSEN
*Attorneys for Plaintiff*
200 South Andrews Avenue, Suite 900
Fort Lauderdale, Florida 33301
Telephone: (954) 880-9500
Facsimile: (954) 755-2993

E-Mail:  prs@lubellrosen.com;
mlr@lubellrosen.com;
ged@lubellrosen.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA**

| DIVISION | MEMO OF DISPOSITION | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☐ OTHER | | 2022-025496-SP-23<br>Section No. ND01<br>**FILED** |

| PLAINTIFF(S)<br>Palmetto E K G & Echo Readers (PA) | VS. DEFENDANT(S)<br>Cigna Healthcare Of Fla Inc<br>N/2S | CLOCK-IN<br>**AUG 2 4 2022**<br>CLERK<br>CIRCUIT & COUNTY COURTS |
|---|---|---|
| PLAINTIFF ATTORNEY(S)<br>Mark L Rosen | DEFENDANT ATTORNEY(S)<br>No Known Name | DATE OF HEARING<br>08/24/2022 - 1:30 PM | Small Claims Pre-Trial Conference |

**MOTIONS**

TYPE OF MOTION_____

COURT RULING ON MOTION:

☐ GRANTED  ☐ DENIED  ☐ WITHHELD

COMMENTS:

_____

_____

_____

**CALENDAR DIRECTIONS**

CASE CONTINUED:

☐ NOTICE OF SERVICE PROCESS

☐ PENDING SERVICE        ☐ PENDING SETTLEMENT

☐ SET CASE FOR _____ ESTIMATED TIME REQUIRED _____

☐ MEDIATION        ☐ NON JURY TRIAL
                   ☐ JURY TRIAL

☐ STIPULATED WAIVER FOR APPEARANCE AT PRE-TRIAL

☐ ORDER INVOKING RULES OF CIVIL PROCEDURE

☐ MOTION TO INVOKE THE RULES OF CIVIL PROCEDURE

**DISPOSITIONS**

☐ DEFAULT   ☐ FINAL JUDGMENT   ☐ DEFAULT JUDGMENT   ☐ SUMMARY JUDGMENT   ☐ AGREED JUDGMENT

☐ ORDER OF DISMISSAL        AMOUNT OF JUDGMENT        JUDGMENT FOR THE PLAINTIFF

☐ WITHOUT PREJUDICE   PRINCIPAL $ _____   INTEREST $ _____   ☐ STIPULATION FOR PAYMENT AND ORDER OF DISMISSAL

☐ WITH PREJUDICE   COURT COSTS $ _____   ATTORNEY FEES $ _____

☐ VOLUNTARY DISMISSAL

**CONDITION OF DISPOSITION**

☐ EXECUTION OF JUDGMENT WITHHELD   ☐ ORDER WITHHOLDING JUDGMENT   ☐ PLAINTIFF TO SUBMIT PROOF

PENDING PAYMENT BY DEFENDANT OF THE ABOVE JUDGMENT AT A RATE OF

$ _____ PER _____, COMMENCING _____
              WEEK/MONTH                    DATE

SWORN TESTIMONY TAKEN IN COURT: _____

JUDGMENT OR ORDER TO BE PREPARED BY:   ☐ PLAINTIFF   ☐ DEFENDANT   ☐ COURT

☐ DEFENDANT TO FILE ANSWER IN _____ DAYS

☐ A DEFAULT IS HEREBY ENTERED AGAINST _____
              FOR FAILURE TO APPEAR AT PRETRIAL AS REQUIRED BY LAW

By:_____
              DEPUTY CLERK

HARVEY RUVIN
CLERK OF COURTS

_____
COURT REPORTER

_____
JUDGE

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**COUNTY CIVIL DIVISION**

**CASE NO.:** 2022-025496-SP-23
**SECTION:** ND01

**Palmetto E K G & Echo Readers (PA)**
**Plaintiff(s),**

**vs.**

**Cigna Healthcare Of Fla Inc**
**Defendant(s)**

_____/

**UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)**

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. SETTLEMENT: Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal. Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. SERVICE: Plaintiffs shall serve their actions promptly by _____**11-03-2022**_____ and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond _____**01-31-2023**_____ shall be allowed.

6. The following litigation deadlines are set:

    a. ADDITION OF ANY NEW PARTIES shall occur by _____**01-01-2023**_____.

    b. FACT WITNESS LIST shall be filed by _____**05-02-2023**_____. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

    c. EXHIBIT LIST shall be filed by _____**05-02-2023**_____. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

    d. EXPERT WITNESSES shall be disclosed by _____**07-01-2023**_____ with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A). This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty. No other expert testimony shall be permitted at trial.

    e. FACT AND EXPERT DISCOVERY, including all inspections, depositions, and examinations, shall be completed no later than _____**11-27-2023**_____. Written discovery shall be served no later than _____**10-24-2023**_____. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

    f. MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS shall be filed by _____**08-30-2023**_____ and heard no later than _____**11-27-2023**_____.

    g. OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS, except

for motions in limine, shall be filed by _____**09-29-2023**_____ and heard no later than _____**11-27-2023**_____. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

h. <u>MEDIATION:</u> Parties are hereby referred to mandatory mediation, which shall be completed no later than _____**11-27-2023**_____. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL:</u> The projected date of trial is _____**12-27-2023**_____. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION:</u> A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than _____**11-27-2023**_____. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

a. <u>Stipulated Statement of Facts:</u>  A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

b. <u>Statements of Disputed Law & Fact:</u>  Those issues of law and fact that are to be tried.

c. <u>Witness Lists:</u>  Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

d. <u>Exhibit Lists:</u>  Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

e. <u>Jury Instructions:</u>  If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions.  Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

 

 

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this <u>**30th day of August, 2022**</u>.

2022-025496-SP-23 08-30-2022 11:51 PM

2022-025496-SP-23 08-30-2022 11:51 PM
_____
**Myriam Lehr**
COUNTY COURT JUDGE

Copies Furnished to:
Electronically Served

Mark Lawrence Rosen, mlr@lubellrosen.com
Mark Lawrence Rosen, acaservice@lubellrosen.com
Mark Lawrence Rosen, intservice@lubellrosen.com

## VERIFIED RETURN OF SERVICE

State of Florida    County of Miami-Dade    County Court

Case Number: 2022-025496 SP 23



ABV2022002230

Plaintiff:
**PALMETTO EKG & ECHO READERS, PROFESSIONAL ASSOCIATION,
A FLORIDA CORPORATION (o/b/o Member #U3906098201)**

vs.

Defendant:
**CIGNA HEALTHCARE OF FLORIDA, INC., A FLORIDA CORPORATION**

For:
Patrick Sullivan
Lubell & Rosen, LLC
200 S Andrews Avenue
Ste 900
Fort Lauderdale, FL 33301

Received by On Time Legal Services, a Division of OTD on the 12th day of September, 2022 at 12:34 pm to be served on **Cigna Healthcare of Florida, Inc. c/o Registered Agent C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Susan Pineiro, do hereby affirm that on the **14th day of September, 2022** at **2:10 pm, I:**

served a **CORPORATION,** by delivering a true copy of the **Summons 20 Day Corporate Service and Complaint** with the date, hour of service, my initials, and identification # (if applicable) endorsed thereon by me, to: **Donna Moch** as **SOP For Registered Agent** for **Cigna Healthcare of Florida, Inc.**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare I have read the foregoing verified return of service and that the facts stated in it are true. Pursuant to FS 92.525(2), no notary is required.

**Susan Pineiro**
1065

**On Time Legal Services, a Division of OTD**
**3620 NE 5th Avenue**
**Oakland Park, FL 33334**
**(954) 564-5447**

Our Job Serial Number: ABV-2022002230

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1k

| X  IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **O  IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.** |||

| DIVISION | | CASE NUMBER |
|---|---|---|
| X  CIVIL | **SUMMONS 20 DAY CORPORATE SERVICE** | |
| O  DISTRICTS | **(a) GENERAL FORMS** | 2022-025496 SP 23 |
| O  OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| **Palmetto EKG & ECHO Readers, Professional Association, a Florida Corporation (o/b/o Member #U0536350801)** | **Cigna Healthcare of Florida, Inc., a Florida Corporation** | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): CT Corporation System

1200 South Pines Island Road

Plantation, FL 33324

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:  Mark L. Rosen, Esq.

whose address is:  200 South Andrews Avenue, Suite 900, Ft. Lauderdale, FL 33301

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | *Vivia Gray*<br>DEPUTY CLERK | DATE<br><br>AUG 3 1 2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**